## CIRCUIT COURT OF LOUDOUN COUNTY

Patricia Stansfield

v.

Goodyear Tire & Rubber Co.,
MSS, Inc., et al.

October 13, 1999

Case No. (Law) 21924

BY JUDGE CARLETON PENN

This action is before the Court upon the demurrers of the above defendants to the Amended Motion for Judgment. The Court sustains the demurrers and will enter final judgment in favor of those defendants, plaintiff having previously been granted an opportunity to plead over by this Court's order of July 7, 1999.

Plaintiff avers that she was raped and forcibly sodomized by an employee of MSS, Incorporated, one Miles. One of the duties of Miles was to drive a courtesy van for the customers of the automotive facility of MSS, a licensee of Goodyear. On or about November 9, 1997, she brought her car to that facility for "repair and/or services." After completion of paperwork and discussion and taking possession of plaintiff's keys, Miles drove her to her home in the courtesy van. Later the same day, he returned in the courtesy van and drove her back to the automotive facility. Theretofore, she had never met Miles, nor been a customer at that business facility.

Plaintiff avers, further, that on or about March 19, 1998, Miles broke and entered her residence and committed the assault. There is no allegation of any contact between plaintiff and Miles between November 9, 1997, and the incident or that he had had a key to her residence made when the keys were left at the automotive facility the previous November.

Plaintiff alleges that her injuries and damages were the proximate result of the negligence of MSS in the hiring and retention of Miles and that since Goodyear and MSS were engaged in a joint enterprise, each would be liable for any negligence of the other. Additionally, she alleges that Goodyear held MSS out as its agent and that Goodyear is liable for the negligent hiring under the doctrine of apparent authority.

Miles was hired by the "Facility" on or about August 4, 1997. (The Amended Motion for Judgment defined that term as "the Goodyear/MSS facility.") In response to a question on his employment application as to whether he had been convicted of a crime within the past ten years, Miles stated: "Yes, CDS 11/91," with no further details. (Apparently, that notation referred to his conviction in Prince George's County, Maryland, of distribution of a controlled dangerous substance.)

Plaintiff alleged that Miles had been guilty of three counts of robbery with a deadly weapon and three counts of the use of a handgun in the commission of a felony or crime of violence, in addition to the drug conviction noted. Miles served a significant sentence and was released on parole in July 1996. She says that MSS owed her the duty to examine "Miles' behavior traits, criminal record and background, dangerous propensities, bad habits, reputation or other history which might have affected his fitness for the job for which MSS hired him." She also says that "MSS negligently failed to exercise reasonable care (a) in investigating the drug conviction he plainly admitted; (b) in investigating his criminal history; (c) in investigating Miles' complete background prior to his being hired by MSS ... ."

There is no fact pleaded that would demonstrate that Miles had a propensity, which should have been discovered by reasonable investigation, to engage in criminal sexual activity. None of the convictions and none of the charges against Miles were for sexual offenses that would put an employer on notice that Miles would be likely to commit sexual assaults. Neither is any fact pleaded that would indicate that MSS would have been put on notice after the hiring of Miles that he had any propensity to criminal sexual activity. (*See, Southeast Apartments Management v. Jackman*, 257 Va. 256, 513 S.E.2d 395 (1999)). Counts I and II for negligent hiring and negligent retention must, therefore, fail, and Counts III and IV must also fail because they are dependent upon any negligence of MSS.

Ashburn Automotive, Inc., and Floyd Lewis Miles, II, were named parties defendant in the original Motion for Judgment but not in the Amended Motion for Judgment. Let the order address that issue as well.